■ In the Matter of the Claim of ANDREW SHADORSKY, Respondent, v. LONGWOOD PARLOR FURNITURE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeals by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 25, 1968, and from a decision of a Referee filed December 16, 1968. In a decision dated September 28, 1967, a Referee found occupational disease, epicondylitis of left arm; no compensable lost time after June 26, 1967; and average weekly wage of $23.08. The claimant applied for board review on the issue of the correctness of the average weekly wage and continuing causally related disability after June 26, 1967. The appellants made no written reply to the claimant's application for review and on the hearing before the board panel discussed only the question of continuing disability. The board modified the Referee's decision by finding a continuing causally related disability and

returned the case to the Referee Calendar for development of the record on the question of average weekly wage and the making of an appropriate award. The appellants filed a notice of appeal from this decision. Subsequently, and after hearings, a Referee's decision was entered on December 16, 1968, fixing the average weekly wage at $75.10 and making the award required by the board's prior decision. Upon this appeal the appellants contend that the weekly wage fixed by the Referee in December of 1968 is erroneous. However, the appellants did not request review of this issue by the board and the board has never considered the correctness of the wage as fixed by the Referee and, accordingly, it appears that the appellants have initiated a direct appeal to this court from the Referee's decision on this issue. Such appeals are precluded by section 23 of the Workmen's Compensation Law and this court cannot pass upon the question of the propriety of the average weekly wage. The appeal from the Referee's decision must be dismissed. (See *Matter of Redder* v. *Village of Clyde,* 21 A D 2d 917, 918; *Matter of Thomas* v. *Cooley Contr. Co.,* 21 A D 2d 929.) The remaining question is whether or not the record contains substantial evidence to support the finding of the board that there was a continuing causally related disability after June 26, 1967 and the Referee's award for such disability made pursuant to the direction of the board on December 16, 1968. The appellants do not dispute the propriety of the finding of causally related occupational disease and the award for total disability to June 26, 1967. The record in its entirety has no medical evidence to show that the disease was present subsequent to June 26, 1967 and the doctor's testimony could be understood to mean either that the disease would be aggravated by return to claimant's usual work or that it would recur. There is no evidence from which it could be said that the initial contraction of the disease would render the claimant more susceptible to a recurrence, and there is no evidence that the claimant presently was subject to the disease. The claimant testified in September of 1967 that his arm had been all right since June 26, 1967 and he stated: " After the treatment Dr. Ferrara gave me, injections and electric lamp, my arm is all right. I have nothing wrong in my life and now it is O.K." The Referee asked " When did your arm become O.K. ? " and the claimant replied " June 26th. That is when I was discharged." The record in its entirety indicates that the claimant may have been subject to a chronic state of the occupational disease after June 26, 1967, but it would be pure speculation to affirm the finding of the board without more direct medical evidence. (Cf. *Matter of Reichel* v. *General Elec. Co.,* 33 A D 2d 728.) Decision of the Workmen's Compensation Board finding a continuing causally related disability reversed, with costs, and matter remitted for further proceedings not inconsistent herewith; appeal from Referee's decision dismissed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.